UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| YVENER GEFFRARD | : | CASE NO. 24-20601-JJT |
| | : | |
| Debtor | : | December 12, 2024 |

OBJECTION TO CONFIRMATION

Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") objects to the confirmation of the Chapter 13 Plan (ECF No. 16, "Plan") of the above-captioned Debtor ("Debtor") for the following reason(s):

1. <u>The Debtor has failed to maintain plan payments</u>: Section 1326(a) of the Bankruptcy Code requires the Debtor to start making plan payments within 30 days of filing the plan or the case, whichever is earlier. The Debtor filed this case on June 27, 2024 and a Plan (ECF #2) on June 27, 2024. The Debtor should have paid a total of $4,611.41. To date, the Debtor is overdue in the amount of $3,470.03. Given the failure to make payments, it appears that the Debtor will be unable to comply with 11 U.S.C. §1325(a)(6) by making all payments and complying with the Plan. A Receipt Schedule is below.

Receipts and Debtor Refunds for Case 2420601   Debtor: GEFFRARD, YVENER

| Date | Period | Transaction Type | Source | Receipt |
|---|---|---|---|---|
| * 10.15.2024 | 2024_10 | Receipt | Cashier Check | 570.69 |
| * 10.15.2024 | 2024_10 | Receipt | Cashier Check | 570.69 |

2. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:

   a. Payment advices or other evidence of income received by the debtor for the six full months preceding the petition date, specifically the paystubs from January to March of 2024 inclusive.
   b. Property valuation for real or personal property. The Debtor has provided a Broker's Price Opinion dated September 9, 2024 with a "current market value range of $269,000-$317,000", but the document does not include comparable sales.
   c. Payment advices or other evidence of income received updated to the time of confirmation.

3. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>. Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee to allow her to perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has failed to provide:

   a. Property valuation for real property, as set forth in Paragraph 2(c) above.

4. <u>The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code has not been</u> concluded because of the Debtor's failure to provide the documents listed in Paragraphs 2(a) and (b) above.

5. <u>The Plan does not conform to the claims filed</u>.

   a. The Plan states unsecured non-priority claims total $0.00. The Trustee calculates filed unsecured non-priority claims at $1,685.25.
   b. The Plan proposes to cure the arrearage due Carrington Mortgage Services as set forth in Proof of Claim No. 1, but does not provide for the treatment of post-petition fees filed at ECF No. 20 in the amount of $650.00.

6. <u>The Plan may fail to provide that all of the Debtors' projected disposable income will be applied</u> to make payments to unsecured creditors pursuant to 11 U.S.C. § 1325(b)(1)(B). As the Debtor's income is above median for the State of Connecticut, projected disposable income is determined based on 11 U.S.C. § 1325(b)(3), as calculated through Forms 122B and 122C ("Means Test").

   a. The Plan provides a stated dividend to unsecured creditors of 100% but also states that unsecured nonpriority claims total zero, creating an ambiguity with regard to the treatment of unsecured nonpriority claims.
   b. Based on the Means Test (ECF No. 3) as filed, unsecured nonpriority claims totaling $1,685.25 are entitled to a dividend of 100%.
   c. Plan Section 2.1 provides for a term of 36 months. The Applicable Commitment Period is no less than 60 months, unless the Plan provides for unsecured claims to be paid in full. The Plan provides for a dividend of 100% to unsecured nonpriority claims. If the Plan is amended in the future to any dividend less than 100%, the term of the Plan must be extended to 60 months.

7. <u>The Plan fails to comply with 11 U.S.C. § 1325(a)(4) and provide for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation</u>.

   a. It appears that unsecured claims are entitled to a dividend of 100% <u>plus interest at the federal judgment rate in effect on the date of confirmation</u>, due to funds on hand on the date of filing in the Debtor's bank accounts as demonstrated by bank

      statements provided to the Trustee. Funds on hand in the bank statements exceed the value set forth in Schedule AB (ECF No. 1).

   b. The Plan should include an option in Plan Section VII for language providing for interest to be paid to unsecured nonpriority claims at the federal judgment rate in effect on the date of confirmation.

8. Plan Section 2.5 provides for Estimated Total Payments of $2,943.00. Based upon the payments set forth in Plan Section 2.4, Estimated Total payments should be $29,431.44.

9. Plan Section 4.1 does not set forth the applicable rate to be paid to the IRS if interest is required to be paid; the applicable rate at this time is 8 percent.

10. In Plan Section 4.5, the Debtor should mark the box for "None", as there are no priority claims filed.

11. <u>The Debtor did not serve the Plan on all creditors, in violation of Rule 3015(d) of the Federal Rules of Bankruptcy Procedure.</u>

12. <u>The Plan has not been signed by the Debtor.</u>

    Wherefore, the Trustee requests that Confirmation of the Plan be denied.

                                    ROBERTA NAPOLITANO, TRUSTEE

                                    By: <u>*/s/ Patrick Crook*</u>
                                    Patrick Crook, Staff Attorney
                                    Chapter 13 Standing Trustee
                                    10 Columbus Blvd., 6th Floor
                                    Hartford, Connecticut 06106
                                    Tel: 860-278-9410, ext. 130
                                    pcrook@ch13rn.com
                                    Federal Bar No.: ct07670

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| YVENER GEFFRARD | : CASE NO. 24-20601-JJT |
| | : |
| Debtor. | : December 12, 2024 |

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Objection to Confirmation

2. **Parties Served Via First Class Mail:**
   Debtor(s):
   YVENER GEFFRARD
   21 GLORIA ST.
   WINDSOR, CT 06095

3. **Parties Served Electronically Include:**
   Debtor's Attorney: JESSE C. CLARK, ESQ.
   Email: jclark@recoverylawgroup.com

   Office of the United States Trustee:
   Kim McCabe, Assistant United States Trustee
   ustpregion02.nh.ecf@usdoj.gov

   /s/ Patrick Crook
   Patrick Crook
   Chapter 13 Standing Trustee
   10 Columbus Blvd., 6th Floor
   Hartford, Connecticut 06106
   Tel: 860-278-9410, ext. 130
   pcrook@ch13rn.com
   Federal Bar No.: ct07670